[Cite as *State v. Jenkins*, 2022-Ohio-979.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00090 |
| THEODORE D. JENKINS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                               Common Pleas, Case No. 20-CR-00353


JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        March 24, 2022


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      JEREMY J. MASTERS
Licking County Prosecutor             Assistant State Public Defender
                                      250 East Broad Street – Suite #1400
CLIFFORD J. MURPHY                    Columbus, Ohio 43215
Assistant Prosecuting Attorney
20 South Second Street – 4th Floor
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Theodore D. Jenkins appeals the November 9, 2021 Judgment Entry entered by the Licking County Court of Common Pleas, which approved Twin Valley Behavior Healthcare Center's application to forcibly administer medication to him. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On July 23, 2020, the Licking County Grand Jury indicted Appellant on one count of criminal use of a chemical or explosive device, in violation of R.C. 2909.27(A), a felony of the second degree; and one count of inducing panic, in violation of R.C. 2917.31(A)(1), a misdemeanor of the first degree. Appellant appeared for arraignment on July 28, 2020, and entered a plea of not guilty to the Indictment.

**{¶3}** On September 8, 2020, Attorney Kort Gatterdam filed a motion requesting an evaluation of Appellant's competency to stand trial pursuant to R.C. 2945.37. The trial court ordered Netcare Forensic Psychiatry Center ("Netcare Forensic") to conduct the evaluation and submit a written report. Sept. 10, 2020 Order for Evaluation to Determine Defendant's Competency to Stand Trial. Dr. Douglas Pawlarczyk, a psychologist with Netcare Forensic, conducted the evaluation on January 27, 2021. His report to the trial court was dated February 22, 2021.

**{¶4}** Attorney Gatterdam filed a motion to withdraw as counsel, which the trial court granted on December 2, 2020. The trial court appointed Attorney Todd Barstow to represent Appellant. On March 2, 2021, Attorney Barstow filed a motion requesting a second evaluation to determine Appellant's competency to stand trial. Via Order filed March 15, 2021, the trial court ordered Dr. Daniel L. Davis, a forensic psychologist, to conduct the second evaluation. His report to the trial court was dated April 20, 2021,

**{¶5}** The trial court scheduled a hearing on the competency evaluation for July 12, 2021. Appellant appeared for the hearing and requested the trial court appoint new counsel. The trial court allowed Attorney Barstow to withdraw. Via Judgment Entry filed July 12, 2021, the trial court appointed Attorney Kirk McVay to represent Appellant.

**{¶6}** The trial court conducted a competency hearing on September 13, 2021. The state presented the testimony and reports of Drs. Pawlarczyk and Davis. Via Judgment Entry filed September 14, 2021, the trial court found Appellant was presently incompetent to stand trial, and a substantial probability existed Appellant could be restored to competency within the statutory timeframe if provided with treatment. The trial court ordered Appellant undergo treatment at the Timothy B. Moritz Forensic Unit at Twin Valley Behavioral Healthcare ("TVBH"). In reaching its decision, the trial court found Dr. Pawlarczyk and Dr. Davis both concluded Appellant was incapable of understanding the nature and objectives of the proceedings against him and incapable of assisting counsel in his own defense. The trial court noted both Dr. Pawlarczyk and Dr. Davis opined Appellant could be restored to competency within the time frame permitted by law, and agreed the least restrictive setting for placement consistent with Appellant's needs and the safety of the community was the maximum security inpatient setting at TVBH.

**{¶7}** Via letter dated October 27, 2021, David Forman, Forensic Services Director at TVBH, notified the trial court Appellant refused to comply with treatment and medications which had been prescribed to aid in his clinical stability. Forman advised the trail court TVBH would be filing a Motion for Court Approval of Medical Treatment and Administration of Medication pursuant to R.C. 2945.38(B)(1)(c). On the same day, Dr.

Andrew Savage, Chief Clinical Officer, and Dr. David Soehner, Treating Psychiatrist, filed an Application to Authorize Involuntary Psychotropic Medication.

{¶8}   The trial court conducted a hearing on TVBH's application on November 8, 2021.  Dr. Soehner testified his duties and responsibilities include diagnosing and treating patients with mental illness in order to restore them to competency to stand trial as well as individuals found not guilty by reason of insanity.  Dr. Soehner explained Appellant arrived at TVBH for the second time on October 26, 2021, with symptoms consistent with bipolar disorder and manic with psychotic features.  Appellant had previously been admitted to TVBH in 2017.  Dr. Soehner noted Appellant was taking some of his medication, but was unwilling to take other medication which was "being offered to further control his symptoms." Transcript of Nov. 8, 2021 Hearing at 7.  Dr. Soehner stated, in his professional opinion, Appellant is unable to give fully informed and knowingly intelligent consent regarding his medications.  The doctor found Appellant's reasons for not wanting to take the prescribed medications to be "irrational."  *Id.* at 8.  Dr. Soehner described the common side effects of the prescribed medications, but opined the benefits of the medications outweigh the side effects.  He added there were no alternative treatments available which would help control Appellant's symptoms.

{¶9}   On cross-examination, Dr. Soehner was questioned about a 2017 order issued by Judge Marcelain of the Licking County Court of Common Pleas for the forced administration of medication.  Dr. Soehner acknowledged Appellant did ultimately consent to taking the medication, but added Appellant was only compliant after the order was issued.  The doctor opined there were no non-medical interventions to resolve Appellant's manic and psychotic symptoms.

{¶10} Via Judgment Entry filed November 9, 2021, the trial court approved TVBH's application for forced medication, and ordered TVBH to forcibly administer medication to Appellant in the event he refused to take the prescribed medication.

{¶11} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:


THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO INVOLUNTARILY ADMINISTER PSYCHOTROPIC MEDICATION TO MR. JENKINS (NOVEMBER 9, 2021 DECISION AND ENTRY).


I.

{¶12} In his sole assignment of error, Appellant contends the trial court erred and abused its discretion in granting TVBH's application to involuntarily administer psychotropic medications without considering less intrusive means of doing so. Specifically, while Appellant acknowledges Dr. Soehner testified there were no less intrusive forms of treatment, he maintains the trial court failed to consider "less intrusive means of *administering* that treatment, such as [a] contempt-backed court order." Brief of Appellant at 6 (Emphasis in original).

{¶13} In *Steele v. Hamilton County Community Mental Health Board* (2000), 90 Ohio St.3d 176, the Ohio Supreme Court held "a court may issue an order permitting hospital employees to administer antipsychotic drugs against the wishes of an involuntarily committed mentally ill person if it finds, by clear and convincing evidence, that (1) the patient does not have the capacity to give or withhold informed consent

regarding his/her treatment, (2) it is in the patient's best interest to take the medication, *i.e.,* the benefits of the medication outweigh the side effects, and (3) no less intrusive treatment will be as effective in treating the mental illness." *Id.* at 187-188.

{¶14} At the hearing on TVBH's application to authorize involuntary psychotropic medication, the trial court heard testimony from Dr. Soehner, Appellant's treating physician at TVBH. Dr. Soehner opined to a reasonable degree of medical certainty Appellant lacks capacity to make an informed medical treatment decision. Dr. Soehner explained Appellant believes "medications are going to make him so sedated that he'll become, quote, stupid and will droop and that he'll become violent or unable to work with his defense attorney, and he also feels the medications will then interfere with his readiness for when Jesus returns." Tr. at 8. Dr. Soehner stated the medications he was recommending were necessary to assist Appellant in being restored to competency as well as his general health and well-being. Dr. Soehner added there were currently no alternative treatments which would help control Appellant's manic and psychotic symptoms.

{¶15} Dr. Soehner's testimony addresses the three points in *Steele*, supra. We find the uncontroverted medical evidence provided by the testimony of Dr. Soehner supports the trial court's findings and conclusions Appellant lacked the capacity to make informed decisions about his treatment and the benefits of the proposed treatment regimen outweigh the potential side effects, and less intrusive treatments are not available. As such, we cannot say the trial court erred in authorizing the involuntary administration of psychotropic medication to Appellant.

**{¶16}** In his Brief to this Court, Appellant argues the trial court should have ordered a less intrusive means of administering the treatment.  Pursuant to *Steele*, supra, a trial court is only required to find "no less intrusive treatment will be as effective in treating the mental illness."  The trial court herein made such a determination. Accordingly, we find Appellant's argument in this regard to be unpersuasive.

**{¶17}**  Appellant's sole assignment of error is overruled.

**{¶18}**  The judgment of the Licking County Court of Common Pleas is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur